# WEINSTEIN v STATE OF FLORIDA
## Case No. 83-57-AC

Seventeenth Judicial Circuit, Broward County

May 23, 1988

### APPEARANCES OF COUNSEL

**Fred Haddad** for appellant.

Office of the State Attorney for appellee.

### OPINION OF THE COURT

ROBERT W. TYSON, JR., Circuit Judge.

THIS MATTER is before the Court as this Court sits in its appellate capacity to review a conviction arising out of the Broward County Court, Dale Ross, Judge.

Appellant was charged with the offense of driving or being in actual physical control of a vehicle while having a blood alcohol level of 0.10 percent or above, contrary to the then applicable Florida Statutes. After his arrest, the Appellant was taken to the Blood Alcohol Testing Unit ("BAT" Mobile) where he was videotaped, and a sample of his breath taken. The result of the breathalyzer was .12%, .02% above the legal limit of .10%.

Prior to trial Appellant, his then counsel and counsel for the State reviewed the video, and other discovery was had.

Trial commenced and the State made inquiry of the arresting officer regarding the Appellant's balance, walk, speech, and all those matters the witness acknowledged were attendant to "normal faculties". In response to this, the Appellant sought to question the witness in these matters as well as introduce the videotape, as throughout the trial the Appellant launched an attack on the accuracy of the breathalyzer. Indeed, this Court notes that the State's breathalyzer expert testified the machine is not 100% accurate and the reading in this case is barely over the limit.

The trial court refused to allow introduction of the videotape and, due to the allegata of the information did not allow the Appellant to touch upon "normal faculties" in spite of the fact that the matter was raised on direct examination by the State.

The trial court similarly restricted cross examination regarding the accuracy of the breathalyzer.

Other asserted errors in the trial court's rulings need not be addressed in that this Court finds that the Appellant was denied his constitutional right to effective cross examination as well as present favorable evidence—the videotape. Thus, the Appellant was denied a fair trial, and a new trial must be had.

REVERSED AND REMANDED for a new trial.

May 23, 1988.